# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

February 24, 2011

No. 10-50671
Summary Calendar

Lyle W. Cayce
Clerk

RUSSELL D. WARREN,

Plaintiff-Appellant

v.

TEXAS DISPOSAL SYSTEMS, INCORPORATED;
JIMMY GREGORY;
TEXAS LANDFILL MANAGEMENT, LIMITED LIABILITY
CORPORATION,

Defendants-Appellees

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:09-CV-510

Before REAVLEY, DENNIS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Plaintiff-Appellant Russell D. Warren ("Warren") appeals the district court's order granting Defendants-Appellees, Texas Disposal Systems, Inc.; Jimmy Gregory; and Texas Landfill Management, LLC's (collectively "Texas Disposal") motion for summary judgment on Warren's claim of retaliation in

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 10-50671
Summary Calendar

violation of the Family Medical Leave Act (the "Act").  Reviewing the record *de novo*, *Williams v. Wynne*, 533 F.3d 360, 365 (5th Cir. 2008), we AFFIRM.

Retaliation claims under the Act like Warren's are analyzed using the familiar *McDonnell-Douglas* burden shifting framework.  *Hunt v. Rapides Healthcare Sys., LLC*, 277 F.3d 757, 768 (5th Cir. 2001).  Texas Disposal met its burden to articulate a legitimate, nondiscriminatory reason for terminating Warren's employment.  It adduced evidence that it fired Warren because (1) Warren misappropriated loads of mulch; (2) Warren misappropriated herbicide and trees; and (3) Warren falsified his time records.  The burden therefore shifted to Warren "to show by a preponderance of the evidence that [Texas Disposal's] articulated reason[s are] pretext for discrimination."  *Id.* at 332–33.

Warren contends that a fact issue existed regarding pretext because of: (1) the temporal proximity of his exercise of his rights under the Act and Texas Disposal's adverse employment action; (2) the lack of documented prior work performance complaints; and (3) his denial of the alleged wrongdoing upon which the termination was based.[1]  We disagree.  Although temporal proximity may suffice to establish a *prima facie* case of discrimination, "once the employer offers a legitimate, nondiscriminatory reason that explains both the adverse action and the timing, the plaintiff must offer some evidence from which the jury may infer that retaliation was the real motive."  *McCoy v. City of Shreveport*, 492 F.3d 551, 562 (5th Cir. 2007) (internal quotation omitted).  The lack of documented prior

---

[1]  Warren also argues that another employee participated in the alleged misappropriation of herbicide and trees without being fired, proving that this reason is merely pretext.  Since, Warren has not demonstrated that Texas Disposal's other proffered reasons are pretextual, we need not address this argument.  *See Machinchick v. PB Power, Inc.*, 398 F.3d 345, 351 (5th Cir. 2005) ("[A] plaintiff relying upon evidence of pretext to create a fact issue on discriminatory intent falters if he fails to produce evidence rebutting all of a defendant's proffered nondiscriminatory reasons.").

No. 10-50671
Summary Calendar

complaints does not rebut Texas Disposal's reasons for firing Warren because the incidents in question were recently discovered. And, Warren's unsupported belief that he had permission for his acts is not sufficient to create a fact issue precluding summary judgment. *See Roberson v. Alltel Info. Servs.*, 373 F.3d 647, 654 (5th Cir. 2004).

AFFIRMED.